**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **CBRE, INC.**<br><br>          Plaintiff,<br><br>vs.<br><br>**THE CHAD SCHOOL FOUNDATION INC.,**<br><br>          Defendant. | Civil Action No.<br><br> 20-cv-9024 (JKS) (SDA)<br><br>**OPINION** |

**STACEY D. ADAMS, United States Magistrate Judge**

Before the Court is a motion filed by Kaufman Dolowich ("Kaufman"), counsel for Defendant The Chad School Foundation Inc. ("Defendant") seeking leave to withdraw as counsel. (the "Motion") (ECF No. 81). Plaintiff CBRE ("Plaintiff") filed a certification in opposition to the Motion. (ECF No. 82). This Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' written submissions, and for the reasons set forth below, the Motion is **GRANTED.**

## RELEVANT BACKGROUND/PROCEDURAL HISTORY

The Complaint was filed on July 16, 2020. (ECF No. 1). This dispute arises from a breakdown of a contractual relation between Plaintiff CBRE ("Plaintiff") and Defendant. Defendant filed its Answer on October 9, 2020. (ECF No. 13).

Fact Discovery ended September 8, 2021. (ECF No. 16). Expert discovery ended January 19, 2022. (*Id.*) A settlement conference took place before Magistrate Judge Kiel on September 28, 2021. Plaintiff filed a Motion for Summary Judgment on April 29, 2022. (ECF No. 46). The parties were ordered to mediation on July 1, 2022. (ECF No. 51). Judge Cecchi granted Plaintiff's motion

for summary judgment as to Defendant's liability for breach of contract on December 20, 2023. (ECF Nos. 63, 64). Judge Cecchi then directed the parties to participate in mediation for resolution of the damages issue. (*Id.*)

On February 28, 2024, Judge Kiel scheduled a final pretrial conference for May 28, 2024. (ECF No. 71). This deadline has been adjourned several times, most recently due to the filing of the instant motion.

## CONTENTIONS OF THE PARTIES

### A. Kaufman's Motion to Withdraw as Counsel

Kaufman seeks to withdraw because Defendant has not paid its bill to the firm. (Corbin Cert., ECF No. 81-2, ¶ 8 ("Corbin Cert."). Per the retainer agreement, Defendant is supposed to pay its bill within ten days of presentment of a statement. (*Id.* ¶ 7). Kaufman certifies that Defendant's failure to pay the outstanding bill has created a strain in their attorney-client relationship, hindering Kaufman's continued representation. (*Id.* ¶ 10). Kaufman advised Defendant that it could no longer represent it unless a significant portion of the outstanding bill was paid. (*Id.* ¶ 11). However, to date, Defendant has yet to pay. (*Id.* ¶ 12). Kaufman contends that if it continues representing Defendant through a final pre-trial conference and eventual trial, it will accrue tens of thousands of dollars in additional costs, which creates a hardship on the firm. (*Id.* ¶ 13). Finally, Kaufman requests that the Court, in granting its motion to withdraw as counsel, stay the matter for 60 days to allow Defendant to retain new counsel. (*Id.* ¶ 28).

### B. Plaintiff's Opposition

Plaintiff does not oppose Kaufman's request to withdraw as counsel for Defendant. Haberman Decl., ECF No. 82, ¶ 20. However, it opposes Kaufman's request to stay proceedings for sixty days and instead requests that Defendant be given only thirty days to retain new counsel.

(*Id.*) If Defendant does not retain counsel within that period, Plaintiff asks that the Court issue a show cause order as to why a default should not be entered against Defendant on the issue of damages. (*Id.* ¶ 30).  Plaintiff asserts that Defendant has not acted in good faith, and that any delay will pose a further risk to Plaintiff's ability to obtain full and fair compensation due to Defendant's breach of contract. (*Id.* ¶¶ 23-24).

### C. Kaufman's Reply

Kaufman states there is no basis for Plaintiff's position that the stay should be limited to thirty days instead of sixty days. Rep. Br., p. 2. Kaufman cites to *Ringwood Bd. of Educ.*, 2022 WL 15443870, at *4 (D.N.J. October 27, 2022), to support its proposition that a sixty-day stay is appropriate, because the Court in that case, in granting a motion to withdraw as counsel, gave the party sixty days to retain new counsel.

### LEGAL ANALYSIS

"The standards for assessing whether an attorney may be relieved of his representation of his client in a pending case are set forth in Local Civil Rule 102.1 and Rules of Professional Conduct 1.16." *United States v. Knight*, No. 22-790, 2023 WL 8432624, at *2 (D.N.J. 2023). "Unless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." L. Civ. R. 102.1. R. P. C. 1.16 provides that an attorney may be permitted to withdraw from representing a client in the following situations:

> (1)    withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2)    the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3)    the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4)    the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5)    the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6)    the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7)    other good cause shown for withdrawal exists.

Further, it provides that [u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for reemployment of other counsel, surrendering papers and property to which the client is entitled . . . ." R.P.C. 1.16(d).

In reviewing a motion to withdraw as counsel, the Court must consider the following: "(1) the reason the withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal may cause to the administration of justice; and (4) the degree to which withdrawal may delay the resolution of the case." *U.S. ex rel. Cherry Hill Convalescent, Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997). When evaluating a motion to withdraw, courts should consider the reason withdrawal is sought, any prejudice withdrawal may cause to other litigants, any harm withdrawal may cause to administration of justice and the degree to which withdrawal may delay the resolution of the case. *Amboy Bancorporation v. Jenkens & Gilchrist*, No. 02-5410, 2008 WL 4542469, at *1 (D.N.J. June 16, 2008) (citing *United States ex rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252 (D.N.J. 1997)).

Here, Kaufman seeks to withdraw because it is no longer being paid by Defendant, invoking sections 5 and 6 of R.P.C. 1.16(d). Namely, Defendant failed to substantially fulfill its obligation to pay Kaufman for services rendered. As a result of this failure to pay, continued representation will place a significant financial burden on Kaufman. Defendant agreed to timely

pay its bills in the retainer agreement it signed with Kaufman.  It failed to do so.  Kaufman gave Defendant reasonable notice that it would move to withdraw if its bill was not paid.  Defendant is ignoring its obligation to Kaufman, putting stress on the attorney-client relationship and putting Kaufman in an untenable financial situation.  Thus, there is good cause to permit Kaufman's withdrawal pursuant to R.P.C. 1.16.

Further, the withdrawal will not cause any prejudice to the parties in this matter, nor delay the administration of justice.  Plaintiff has already obtained summary judgment in this matter.  The only issue left to resolve is damages.  There is no trial date scheduled.  The Court will afford a reasonable length of time for Defendant to retain counsel and for that new counsel to get up to speed on the limited remaining issue to be resolved at trial.    Neither Plaintiff nor Defendant opposes Kaufman's request to withdraw.  For these reasons, Kaufman's motion to withdraw is granted.

The only remaining issue is the length of the stay that should be imposed to allow Defendant time to retain new counsel.  Plaintiff asks to limit it to 30 days, rather than the 60 days requested by Kaufman.  While the Court appreciates the length of time this matter has been pending, particularly in light of the upcoming holiday season, allowing Defendant 60 days to retain new counsel is a reasonable request.  Plaintiff has not demonstrated what prejudice will be created by a slightly longer stay.  This is particularly true when there is no trial date scheduled.  Defendant, a corporation, cannot proceed without counsel.  Accordingly, Defendant's request for a 60 day stay of this matter shall be granted to allow it time to retain new counsel.

Finally, Plaintiff's request that, if Defendant does not retain counsel within the specified time frame, the Court issue a show cause order as to why a default should not be entered against Defendant on the issue of damages, is premature.  The Court will conduct a status conference on

**February 19, 2025 at 3:00 p.m.** via video conference. If Defendant does not retain counsel in accordance with this Order, appropriate relief can be addressed at that time.

## CONCLUSION

For the foregoing reasons, Kaufman's motion to withdraw as counsel is **GRANTED**. Kaufman is directed to serve a copy of this order on Defendant via regular mail, certified mail, and e-mail. Defendant shall have sixty days from the date of this order to retain new counsel and this matter shall be stayed during that time. A Status Conference is hereby scheduled before the undersigned on **February 19, 2025 at 3:00 p.m.** via videoconference. Microsoft Teams credentials will be provided.

December 16, 2024

_s/ Stacey D. Adams_
**STACEY D. ADAMS, U.S.M.J.**